**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELINA MAMEDOVA, | No. 25-5173 |
| Petitioner, | Agency No. A249-413-888 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2026**
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Angelina Mamedova is a native and citizen of Russia. She petitions for

review of the decision of the Board of Immigration Appeals ("BIA") dismissing

her appeal of an Immigration Judge's ("IJ") (collectively, the "Agency") denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review the BIA's legal conclusions de novo, and "review the BIA's factual determinations for substantial evidence, meaning we may reverse only if the evidence compels a conclusion contrary to the BIA's." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review the Agency's persecution determination, including both factual findings and the application of the statutory standard to those facts, for substantial evidence. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026).

1. Substantial evidence supports the Agency's determination that Mamedova failed to establish a well-founded fear of future persecution because her fear is speculative and not objectively reasonable. *See Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (holding that a well-founded fear of persecution must be subjectively genuine and objectively reasonable). The record shows that after

---

[1] Mamedova appeals only the Agency's denials of her applications for asylum and withholding of removal.

Mamedova made the donation to a humanitarian organization in Ukraine, she was able to travel abroad, return voluntarily to Russia, and again depart Russia without any issue. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (finding that petitioner's ability to travel abroad "without interference and then voluntarily return[]" to her home country undermines a reasonable fear of future persecution). Mamedova did not have personal contact with the police, was not formally charged with a crime or summoned by the Russian authorities,[2] and the police did not seize any of her properties. Her mother was able to return to Russia and has been living there without further contact from authorities. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). While record evidence shows that many of the people charged with treason were activists, journalists, and political opposition figures, Mamedova does not fall into any of these categories. Substantial evidence therefore supports the Agency's determination that Mamedova's fear of future persecution is not objectively reasonable.

2. Mamedova argues that the Agency incorrectly understood her asylum claim as one based upon public visibility rather than rather than a specific threat of

---

[2] Mamedova notes in her opening brief that she has filed a motion to reopen and remand after receiving "new documentary evidence that Russian authorities had initiated criminal proceedings against her for treason." The motion is still pending, and the new evidence is not properly before us. *See* 8 U.S.C. § 1252(b)(4)(A).

being charged with treason, and that the Agency failed to fully consider her evidence. But as the BIA determined, the IJ properly considered all of the evidence and permissibly found that the evidence as a whole indicated that many of the people charged with treason are activists, journalists, and political opposition figures, even though other country conditions reports noted that some of those arrested were not prominent figures. We cannot reinterpret the record, reweigh the evidence, or substitute our judgment for that of the Agency. *See Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998); *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000) ("Our task is . . . not to substitute an analysis of which side in the factual dispute we find more persuasive." (quoting *Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir. 1998))).

3. Mamedova next argues that the Agency improperly discounted her testimony. To the contrary, the Agency summarized her credible testimony, considered it, and relied upon it when rendering its decisions. *See Nagoulko v. INS*, 333 F.3d 1012, 1013, 1018 (9th Cir. 2003) (affirming finding that the possibility of persecution was too speculative, even though the petitioner's testimony was deemed credible, based on other evidence in the record).

4. Mamedova claims that the Agency incorrectly applied the well-founded fear standard. But as the BIA found, the IJ applied the appropriate legal standard by requiring that the fear of future harm must be both "subjectively genuine" and

4                                                                          25-5173

"objectively reasonable." *Parada*, 902 F.3d at 909. And the IJ correctly noted that the objective element may be demonstrated by "credible, direct, and specific evidence in the record" that supports a reasonable fear of persecution. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)).

5. Mamedova asserts that the Agency failed to consider the extensive and material evidence she submitted in support of her claims. But the IJ did in fact consider all of the evidence, including evidence that Russian authorities have arrested people who are not prominent figures for treason. *Cf. Cruz v. Bondi*, 146 F.4th 730, 742 (9th Cir. 2025) ("To overcome the presumption that the agency considered all the evidence, [petitioner] had to show that the agency misstated or failed to consider specific evidence, not simply that [petitioner] disliked the weight the agency placed on certain evidence.").

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.